MIMOSO, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of *Dation en Paiement.*

No. 446.—Decided December 23, 1919.

CONJUGAL PARTNERSHIP—MORTGAGE—CONSENT OF WIFE—DATION EN PAIEMENT.— A deed conveying a mortgaged property as a *dation en paiement* of the mortgage is not necessarily void because the wife of the grantee was not a party to the deed, and such deed is recordable if presented in the registry accompanied by another deed whereby both husband and wife convey the property to another person. This conveyance involves an acceptance of the *dation en paiement* by the wife and is sufficient to cancel the real right. *Quaere:* The husband having accepted the mortgaged property in payment of the mortgage without the wife's consent, whether the latter could be compelled to cancel the mortgage.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Juan Mimoso López, married to Juana Raspaldo, loaned money to Petrona Ramos and to secure the same took a mortgage on a house from the debtor. The said debtor, not being able to pay, conveyed the property secured by mortgage to her creditor, Juan Mimoso López. The wife of the latter did not appear in the deed. Subsequently, Juan Mimoso López and his wife, Juana Raspaldo, conveyed, or attempted to convey, the same property to José Marrero Denis. The deed from Petrona Ramos to Juan Mimiso was presented for record. It was accompanied by the deed from Juan Mimoso and his wife, Juana Raspaldo, to José Marrero

Denis. The said deed to Juan Mimiso was refused record inasmuch as a mortgage right belonging to the conjugal pair of Mimiso and his wife was thus attempted to be cancelled without the express consent of the wife, in violation of sections 159 and 1328 of the Civil Code, the registrar insisting in effect that the subsequent deed from the husband and the wife did not avail to cure what was already void or to give a retroactive effect to the existing lack of consent by the said Juana Raspaldo.

The husband is the administrator of the conjugal partnership. He may loan money without his wife's consent and he may get it back and give a receipt therefor. When a creditor accepts payment from a debtor the principal obligation is canceled and any court will act to compel the creditor to cancel the security for the loan. Nothing is left in the wife except a naked mortgage right.

Now, if the husband may accept the money in payment of a debt, it is equally possible for him to accept a conveyance of property in exchange for the debt. The ultimate fact is that if he loaned the money and afterwards accepted the property in payment of the amount loaned, the whole situation is no different than if he buys a piece of property and pays cash for it. From the standpoint of the debtor the debt is necessarily canceled by the transfer of the property to satisfy the loan.

The husband is necessarily the agent of the wife for the receipt of a payment and when she subsequently indicates her acceptance in a public document that ought to be sufficient to cancel a real right. Such acceptance was indicated by a conveyance of the property in question to a third person. *Hereter v. Registrar of Property,* 18 P. R. R. 783.

In any event Juana Raspaldo appears in a deed as conveying a piece of property to José Marrero Denis. She conveys the property absolutely and with it any real right she may have in the same. As it appeared to the registrar that she so had conveyed all her right and interest in the prop-

erty, he was bound to know that she would be forever estopped to claim any interest in the property conveyed to José Marrero Denis and that therefore the conveyance from Petrona Ramos to Juan Mimoso was entitled to record even if thereby it canceled the mortgage right that technically belonged to the matrimonial society of Juan Mimoso and his wife.

The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.